Filed 4/15/25  P. v. McNew CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>RICHARD CRAIG MCNEW,<br><br>　　Defendant and Appellant. | A170271<br><br>(Contra Costa County<br>Super. Ct. No. 05000709733) |

**MEMORANDUM OPINION[1]**

Appellant Richard Craig McNew appeals from an order granting in part and denying in part his resentencing petition under Penal Code section 1172.75.[2]  He invites us to hold that section 1385, subdivision (c)(1), as amended in 2022, which now authorizes and in some instances requires sentencing courts to strike sentencing enhancements "in furtherance of

---

[1] This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1.  (See Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

[2] All further undesignated statutory references are to the Penal Code.

1

justice," confers the same power and duty to strike prior strike convictions. We decline the invitation and affirm.

## I.

## A.

In 2008, appellant was charged with special circumstances murder, forcible rape, sexual penetration, second degree robbery, and first degree burglary. The charges were accompanied by sentencing allegations that appellant had served two prior prison terms, and had suffered a prior serious and violent felony conviction as well as a prior strike conviction. By negotiated disposition, appellant pled no contest to murder and forcible sexual penetration, and guilty to first degree burglary and second degree robbery; he also admitted the burglary, robbery, and rape by instrument special circumstances allegations; and he admitted the prior prison terms, the prior serious and violent felony conviction, and the prior strike conviction.

Appellant was convicted and sentenced pursuant to this negotiated plea agreement in February 2009. According to the terms of that agreement, the trial court dismissed the forcible rape count and the rape-murder special circumstance, and sentenced appellant to a total prison term of life without the possibility of parole, plus a determinate term of 22 years 8 months. His aggregate sentence was composed of the following elements: life without the possibility of parole for special circumstance murder; six years for the prior serious and violent felony under section 667, subdivision (a)(1) and section 667.5, subdivision (b); plus six years for the forcible sexual penetration, doubled for the prior strike, one year four months for the burglary, doubled for the prior strike; and one year for the robbery, doubled for the prior strike.

## B.

When appellant was sentenced in 2009, "section 667.5, subdivision (b), required trial courts to impose a one-year sentence enhancement for each

2

true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) "Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a)." (*Id*. at p. 681.)

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting prior prison term enhancements to only prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) As a result of Senate Bill 136, enhancements based on prior prison terms served for other offenses became legally invalid (*Jennings*, *supra*, 42 Cal.App.5th at p. 681), and in any nonfinal case in which a prison prior not involving a sexually violent offense was found true and not stricken, the defendant was eligible for full resentencing. (*Id*. at pp. 681–682.)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes implemented by Senate Bill 136 retroactive and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3, renumbered by Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) Under section 1172.75, all sentences carrying prior prison term enhancements for offenses other than sexually violent offenses are now eligible for full resentencing.

In 2021, the Legislature enacted Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which amended section 1385 to specify factors that sentencing courts must consider when deciding whether to strike enhancements from a defendant's sentence "in furtherance of justice." (§ 1385, subd. (c)(1)–(2); Stats. 2021, ch. 721, § 1.)

Senate Bill 81 amended section 1385 to provide, among other things, that "the court shall consider and afford great weight to evidence offered by

the defendant to prove" various "mitigating circumstances . . . . Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2); Stats. 2021, ch. 721, § 1.)

**C.**

Appellant filed a pro per resentencing petition under section 1172.75 in May 2023. The court appointed counsel, and held a hearing at which appellant presented evidence in mitigation of his sentence and the People presented victim impact evidence. The court left the life without possibility of parole sentence undisturbed, but imposed a new determinate sentence of 16 years 8 months. The reduction of appellant's determinate sentence resulted from the striking of enhancements for appellant's prior prison terms and for his prior serious and violent felony conviction. The court denied appellant's request to dismiss his prior strike conviction under section 1385, subdivision (c), which would have further reduced his determinate term by eliminating the doubling effect of that strike. (RT 31)

Appellant timely appealed.

**II.**

Appellant argues that the trial court should have considered whether to strike his prior strike conviction "in furtherance of justice" under section 1385, subdivision (c)(1). The trial court rejected the argument, as do we. We agree with and adopt the reasoning of our Division Five colleagues in *People v. Dowdy* (2024) 107 Cal.App.5th 1, citing to several published opinions addressing this issue. We see no reason to add anything to what the *Dowdy* panel said or to depart from the uniform body of precedent it relies upon. Each of the arguments appellant advances has been discussed and persuasively rejected in one or more of these cases.

4

"It is well established . . . that section 1385, subdivision (c) applies by its terms to a sentence 'enhancement,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law.  (§ 1385, subd. (c); *People v. Dain* (2024) 99 Cal.App.5th 399, 410–422 (*Dain*), review granted May 29, 2024, S283924 ['Courts of Appeal have uniformly concluded that section 1385(c) does not apply to the decision whether to dismiss a prior strike conviction because the Three Strikes law is an alternative sentencing scheme, not an enhancement']; *People v. Olay* (2023) 98 Cal.App.5th 60, 66–67 (*Olay*) [if the Legislature had wanted § 1385, subd. (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 (*Burke*) ['The plain language of subdivision (c) of section 1385 applies only to an "enhancement," and the Three Strikes law is not an enhancement']; see *Dain, supra*, 99 Cal.App.5th at pp. 410–422, review granted [agreeing with *Burke* and *Olay* and recognizing that § 1385, subd. (c)(2)(H), which provides that a prior strike conviction over five years old is a mitigating circumstance, would directly conflict with the Three Strikes law].)"  (*People v. Dowdy*, *supra*, 107 Cal.App.5th at pp. 9–10.)

## DISPOSITION

Affirmed.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
SIGGINS, J.*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5